PER CURIAM.
This is an appeal by the defendants Julio Eduardo Polo and Brandford Investments of Florida, Inc. from an adverse final summary judgment entered in an action brought by the plaintiff Marcela Munoz Correa a/k/a Marcela Polo to collect on certain replacement promissory notes. We affirm.
It appears without material dispute that the plaintiff brought the instant action after she had paid the amounts due and owing on the replacement notes and had received an assignment from the bank/payee of the notes. Although the plaintiff was, herself, a comaker with the defendant on the replacement notes, the trial court found that she was an “accommodation party” on such notes, § 673.4191(1), Fla.Stat. (1993), and, aecord-ingly, was privileged to bring the instant action as assignee of the notes.
The defendants contend on appeal that a genuine issue of material fact is presented on this record as to whether the plaintiff is an “accommodation party” on the replacement notes, and that, accordingly, the trial court erred in entering summary judgment for the plaintiff. This is so, it is urged, because the plaintiff failed to establish, as a matter of law, that she did not receive any benefit from the replacement notes. The trial court rejected this contention based on the following analysis contained in the summary judgment order:
“The record is clear that [the plaintiff] is an accommodation party to the Replacement Notes. The original notes that preceded the Replacement Notes do not have [the plaintiffs] signature, but only the signature of [the defendant] Polo in his individual capacity as well as his capacity as President of his corporations. The Replacement Notes consolidated existing obligations of [the defendant] Polo to the Bank. The record further shows that no new consideration exchanged hands at the time the Replacement Notes were executed by [the plaintiff], and she received no benefit by accommodating Polo. She only received a detriment, to wit: liability to the Bank.
[The plaintiff] who had no liability to the Bank on the preceding Notes, undertook, without benefit to her, liability to the Bank. [The defendant] Polo has failed to come forth with any competent credible evidence to rebut the presumption created by the record. He attempted by his self-serving affidavit to raise a ‘paper’ issue. However his affidavit is insufficient to rebut the strong presumption created by the notes themselves.”
We entirely agree, and, accordingly, the final summary judgment under review is, in all respects,
Affirmed.